UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| John Christopher Rambo, | ) C/A No. 4:11-01481-MBS-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| Lieutenant Tony Riley, individually and in his | ) |
| official capacity; | ) |
| Captain Cliff McElvogue, individually and in his | ) |
| official capacity, | ) |
| Defendants. | ) |

_____

The Plaintiff, John Christopher Rambo ("Plaintiff/Rambo"), filed this action under 42 U.S.C. § 1983[1] on June 20, 2011. Plaintiff alleges that his constitutional rights were violated by Defendants. Defendants filed a motion to dismiss for lack of prosecution on December 5, 2011, asserting Plaintiff has failed to respond to all interrogatories and request to produce. Because Plaintiff is proceeding pro se, the court issued an order on or about December 5, 2011, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of Defendants' motion to dismiss and the possible consequences if he failed to respond adequately. Plaintiff failed to file a response.

A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v.

_____

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

    (1)    the degree of Plaintiff's responsibility in failing to respond;

    (2)    the amount of prejudice to the Defendant;

    (3)    the history of the Plaintiff in proceeding in a dilatory manner; and,

    (4)    the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion to dismiss for lack of prosecution, or the court's orders requiring him to respond.[2] The undersigned concludes the Plaintiff has abandoned this lawsuit. No other reasonable sanctions are available. Accordingly, it is recommended that this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## **CONCLUSION**

As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

---

[2] An Order was issued on July 15, 2011, directing the Plaintiff to "always keep the Clerk of Court advised in writing" if his address changed for any reason or his case may be dismissed. (Doc. #11).

RECOMMENDED that Defendants' motion to dismiss for lack of prosecution (doc. # 27) be GRANTED and Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

Florence, South Carolina
January 18, 2012

**The parties' attention is directed to the important information on the attached notice.**